## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | LA CV13-02226 JAK (MRWx) | Date | June 5, 2013 |
|---|---|---|---|
| Title | George Ornelas, et al. v. The Children's Place Retail Stores, Inc., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**  **(IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION (Dkt. 16)**   JS-6

Plaintiff, George Ornelas ("Plaintiff"), filed this putative class action against Defendant, The Children's Place Retail Stores, Inc. ("Defendant"), alleging wage and hour violations. Specifically, Plaintiff has advanced seven causes of action on behalf of himself and the proposed class:
> (i) unpaid overtime wages, in violation of Cal. Lab. Code §§ 510 and 1198;
> (ii) unpaid minimum wages, in violation of Cal. Lab. Code §§ 1194, 1197, and 1197.1;
> (iii) unpaid meal period premiums, in violation of Cal. Lab. Code §§ 226.7 and 512(a);
> (iv) unpaid rest period premiums, in violation of Cal. Lab. Code § 226.7;
> (v) non-compliant wage statements, in violation of Cal. Lab. Code § 226(a);
> (vi) wages not timely paid upon termination, in violation of Cal. Lab. Code §§ 201 and 202; and
> (vii) violations of Cal. Bus. & Prof. Code §§ 17200, et seq.

Plaintiff filed the Complaint in the Los Angeles County Superior Court on February 25, 2013. Dkt. 1. On March 28, 2013, Defendant removed the action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d)(2) and 1332(d)(5). *Id.* On May 17, 2013, Defendant filed this motion to remand for lack of subject matter jurisdiction (the "Motion"). Dkt. 16.

The Court heard oral argument on the Motion on June 3, 2013. For the reasons stated in this Order, the Motion is GRANTED, and the matter is remanded to the Los Angeles County Superior Court.

1.   <u>The Allegations in the Complaint</u>

The Complaint alleges that Plaintiff worked as a non-exempt sales associate from August to November 2011 at Defendant's retail location in Commerce, California. Compl. ¶ 21, Dkt. 1. He filed this action on behalf of himself and the proposed class, which the Complaint defines as "[a]ll persons who worked for Defendants in California as a Sales Associate, or in a similar position with similar duties, within four years prior to the filing of this complaint until the date of certification." *Id.* at ¶ 14. The Complaint alleges that Defendant is "the largest pure-play children's specialty apparel retailer in North America." *Id.* at ¶ 19. The Complaint further alleges that Plaintiff and members of the class: (i) did not receive proper overtime compensation; (ii) did not receive proper minimum wages for off-the-clock work; (iii) did not

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-02226 JAK (MRWx) | Date | June 5, 2013 |
|---|---|---|---|
| Title | George Ornelas, et al. v. The Children's Place Retail Stores, Inc., et al. | | |

receive required meal periods or proper compensation in lieu thereof; (iv) did not receive required rest periods or proper compensation in lieu thereof; (v) were not provided with complete and accurate wage statements; and (vi) did not timely receive all payments of wages, both during employment and upon termination. *Id.* at ¶¶ 24-32. In addition, the Complaint alleges that "the aggregate amount in controversy for the proposed class action, including monetary damages, restitution, penalties, injunctive relief, and attorneys' fees, is less than five million dollars ($5,000,000), exclusive of interest and costs." *Id.* at ¶ 1.[1]

2.   <u>Applicable Law and the Parties' Positions</u>

A civil action brought in a state court may be removed to a federal district court that has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Under CAFA, federal district courts have original jurisdiction over class actions in which: (i) the amount in controversy exceeds $5 Million; (ii) any member of the class is a citizen of a state different from any defendant; and (iii) the number of members of the proposed class is 100 or greater. 28 U.S.C. §§ 1332(d)(2) and 1332(d)(5). "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

In *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007), the Ninth Circuit held that, in a removal under CAFA, "where the plaintiff has pled an amount in controversy less than $5,000,000, the party seeking removal must prove with legal certainty that CAFA's jurisdictional amount is met." "The 'legal certainty' standard sets a high bar for the party seeking removal, but it is not insurmountable." *Lowdermilk*, 479 F.3d at 1000. The *Lowdermilk* court stated that "[t]here are two principles that inform our judgment" with respect to the legal certainty standard. "First, as federal courts, we are courts of limited jurisdiction and we will strictly construe our jurisdiction." *Lowdermilk*, 479 F.3d at 998. "Second, it is well established that the plaintiff is 'master of her complaint' and can plead to avoid federal jurisdiction." *Id.* at 998-99. In the Ninth Circuit, in a case that is subject to CAFA in which the complaint does not specify the amount of damages sought, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). This means that the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds the jurisdictional threshold. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

Recently, in *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1347 (2013), the Supreme Court examined a removal under CAFA. There, the operative complaint stated that the "Plaintiff and Class stipulate they will seek to recover total aggregate damages of less than five million dollars," and an attached affidavit, which was executed prior to any determination as to class certification, stated that the named plaintiff "will not at any time during this case . . . seek damages for the class . . . in excess of $5,000,000 in the aggregate." The district court remanded the case based on the stipulation because the $5 Million amount that is jurisdictional to CAFA was not satisfied, but found that, absent the stipulation, the amount in controversy would have exceeded $5 Million. *Standard Fire*, 133 S. Ct. at

---

[1] The Complaint further alleges that "Plaintiff reserves the right to seek a larger amount based upon new and different information resulting from investigation and discovery." Compl. ¶ 1.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | LA CV13-02226 JAK (MRWx) | Date | June 5, 2013 |
|---|---|---|---|
| Title | George Ornelas, et al. v. The Children's Place Retail Stores, Inc., et al. | | |

1348.[2] The Supreme Court vacated this order. The Court found that "a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified." *Id.* at 1349. The Court acknowledged that "federal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement." *Id.* at 1350. But the Court noted that "the key characteristic about those stipulations is that they are legally binding on all plaintiffs. That essential feature is missing here, as Knowles cannot yet bind the absent class." *Id.* (citation omitted). Consequently, the Court vacated the district court's judgment and stated that such a stipulation could not "remove the case from CAFA's scope." *See id.* at 1347.

Plaintiff argues that *Lowdermilk* remains controlling after *Standard Fire*, and that the legal certainty standard continues to apply in considering a motion to remand a case that is subject to CAFA. Plaintiff further argues that, even under the less rigorous "preponderance of the evidence" standard, this matter should be remanded because Defendant has not provided evidence sufficient to meet this standard with respect to whether the amount in controversy here is at least $5 Million. Defendant argues that *Standard Fire* overruled the legal certainty standard in *Lowdermilk*. Thus, it contends that if a stipulation by a plaintiff who seeks to represent a class that has not been certified is not sufficient to show that the amount in controversy is less than $5 Million, then, *a fortiori*, an allegation to this effect is not sufficient. Moreover, Defendant contends that, even under the "legal certainty" standard, it has provided sufficient evidence that this case's amount in controversy exceeds $5 Million.

3.    Analysis

Because the evidence presented by Defendant as to the amount in controversy in this action does not meet the preponderance of the evidence standard, *i.e.*, does not show by a preponderance that at least $5 Million is at issue, the issue whether *Lowdermilk*'s legal certainty standard remains controlling after *Standard Fire* does not have to be addressed. Thus, outside of *Lowdermilk*, the "preponderance of the evidence" standard applies in determining whether the jurisdictional amount has been shown in a removed case. *See Abrego*, 443 F.3d at 683.

The declaration of Vannessa Lynne Bullen (Dkt. 2), the vice president of human resources for Defendant, is only evidence presented by Defendant in support of its arguments as to the jurisdictional amount. Her declaration states that: (i) approximately 9,860 non-exempt employees worked in California as sales associates for Defendant from February 25, 2009 to March 28, 2013; (ii) 8,650 of those employees are former employees; (iii) approximately 3,560 non-exempt employees worked in California as sales associates from February 25, 2012 to March 2, 2013; and (iv) 2,400 of those employees are former employees. Id. Based on this evidence, Defendant's *counsel* has provided estimates of the minimum amount in controversy as to each cause of action and attorney's fees: $473,280 for the first cause of action; $3,786,240 for the second cause of action (including $1,893,120 in statutory liquidated damages); $946,560 for the third cause of action; $946,560 for the fourth cause of action; $1,958,000 for the fifth cause of action; $12,456,000 for the sixth cause of action; and $591,600 in attorney's fees. Notice of Removal p. 8-12, Dkt. 1; Opposition p. 8-10, Dkt. 19. To arrive at

---

[2] The Eighth Circuit declined to hear the appeal of the order remanding the matter to the state court. *Standard Fire*, 133 S. Ct. at 1348.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | LA CV13-02226 JAK (MRWx) | | Date | June 5, 2013 |
|---|---|---|---|---|
| Title | George Ornelas, et al. v. The Children's Place Retail Stores, Inc., et al. | | | |

these figures, Defendant's counsel performed calculations using various assumptions, including an $8 average hourly wage, 12-week periods of employment, and six-hour shifts. *See id.* Defendant's counsel also made assumptions about the frequency of violations, including two hours of unpaid off-the-clock work per week per employee, one hour of unpaid overtime work per week per employee, one missed meal period per week per employee, one missed rest period per week per employee, and six non-compliant wage statements per employee. *Id.* Based on these assumptions, Defendant argues that the potential claims in this matter total at least $20,566,640. Defendant's counsel then argues that a potential award of attorney's fees in this action is $591,600, which is 25 percent of the potential liability under the first and second causes of action, not including liquidated damages.

A declaration stating the number of employees who worked for Defendant during the years prior to this action, together with assumptions about these employees, is not sufficient to establish that it is more likely than not that the amount in controversy in this case exceeds $5 Million. *See, e.g., Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1127 (C.D. Cal. 2010) ("When applying the preponderance of the evidence standard to California Labor Code claims, many California district courts have refused to credit damage calculations based on variables not clearly suggested by the complaint or supported by evidence, concluding that the calculations are mere conjecture."). In this case, Defendant could have obtained additional information regarding its current and former employees, *i.e.*, the average period of employment, the average length of a shift, and the average number of wage statements. *See id.* at 1130 ("Here, defendants are in the best position to adduce evidence regarding the working hours and wages of their tellers. In support of their notice of removal, defendants could have proffered evidence regarding CMC's actual policies or practices. They could have conducted a sampling or other analysis demonstrating that it was more likely than not that many of their employees regularly worked more than eight hours in a day or forty hours in a week to support calculations regarding potential overtime claims. Adducing such evidence would not have required defendants to prove Roth's case or answer the 'ultimate question' presented by the litigation. Defendants, however, failed proffer evidence supporting their calculations regarding the amount in controversy."). Instead, Defendant provided the Court with evidence only about the potential size of the class and relied on several unsupported assumptions to claim that the jurisdictional threshold has been met. Furthermore, at oral argument, in response to a question about whether Defendant could have presented evidence of the average number of weeks worked by Defendant's employees, Defendant's counsel first said that the information was "not readily available" but then noted that it would have been preferable had it been provided in support of the opposition. Defendant's counsel indicated that it could provide more information on this issue over time. This action was filed more than three months ago and removed more than two months ago. There is no showing that the evidence could not have been assembled and presented in opposition to this motion. That Defendant had other priorities is not a sufficient basis to excuse its failure to present basic, jurisdictional evidence.

There is a "strong presumption" against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Given the strong presumption against removal, the standards applicable to establishing the amount in controversy of this case, and the limited evidence provided by Defendant, jurisdiction has not been shown. In short, Defendant has provided evidence only as to the number of sales associates who were employed in the years prior to this action. Defendant has not shown by a preponderance of the evidence that the amount in controversy in this case exceeds $5 Million.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-02226 JAK (MRWx) | Date | June 5, 2013 |
|----------|--------------------------|------|--------------|
| Title | George Ornelas, et al. v. The Children's Place Retail Stores, Inc., et al. | | |

The Motion is GRANTED. This action is remanded to the Los Angeles County Superior Court, Central Civil West Courthouse, No. BC501638.

**IT IS SO ORDERED.**

                                                    _____ : _____
                              Initials of Preparer    ak